LONG *v.* STATE.*

(Division B. Feb. 9, 1925.)

[102 So. 736. No. 24535.]

CRIMINAL LAW. *Refusal of continuance for absence of defendant's wife,*
*claimed to be material witness, held not reversible error.*

In murder prosecution, involving issue as to insanity, action of
court in compelling defendant to go to trial without testimony
of his wife, who was in other state, and who it was claimed was
· a material witness to establish such defense, *held* not ground
for reversal.

*Headnote. Criminal Law, 16 C. J., section 829.

APPEAL from circuit court of Grenada county.
HON. T. L. LAMB, Judge.

Sid Long was convicted of murder, and he appeals.
Affirmed.

*McKeigney & Latham,* for appellant.

Appellant was committed to jail immediately upon
the commission of the alleged crime, where he remained
in confinement, from October 25, 1923, until the January,
1924, term of the circuit court of Grenada county, at

which he was indicted, tried, convicted and sentenced to the penitentiary for life. His application for a continuance should have been granted, and the action of the court in overruling the application for continuance is fatal error. His defense is that appellant was insane at the time of the commission of the homicide charged in the indictment. And he had the right to have the question of his sanity squarely, fairly and clearly submitted to the jury empanelled to try him. If the action of the court, in overruling the application for continuance, in effect, denied him this legal right, then the order overruling the application for continuance is fatal to the judgment of conviction. The principal witness on whose testimony appellant relied to show his insanity existing at the time of the commission of the homicide, for which he was tried and convicted, was his wife; and she was temporarily absent from the state of Mississippi, with her parents at Wabbaseka, in the state of Arkansas; and she was absent on account of sickness. The testimony taken at the hearing of the application for continuance is uncontradicted and amply sustains the allegations of the affidavit for continuance. The testimony clearly and conclusively establishes the fact that the wife of appellant was a citizen of Grenada county, state of Mississippi, and of the city of Grenada, the place where the court was held; and that she was temporarily absent from the state of Mississippi; that she was absent because she was sick and because of her sickness, unable to return at that time; that it was her purpose to return to her home in the city of Grenada, Mississippi, as soon as she was well enough to return. Appellant was entitled to a continuance. The cause should have been continued in order to give him an opportunity to bring his witness before the court to testify as to the condition of his mind at the time of the commission of the homicide. In *State* v. *Vollm,* 51 So. 275, this court held that the appellant was entitled to a continuance because of the absence of a material witness who was sick and unable

to testify, and reversed the case. In *Brooks* v. *State,* 108 Miss. 571, 67 So. 53, the lower court was reversed because a continuance was denied. *Knox* v. *State,* 52 So. 695, was reversed by this court because appellant was improperly denied a continuance. *Johnson* v. *State,* 111 Miss. 828, 72 So. 239, is another case reversed by this court because an application for continuance was erroneously denied. See, also, *Havens* v. *State,* 75 Miss. 488, 23 So. 181; *Cade* v. *State,* 96 Miss. 434, 50 So. 554.

The special venire was not properly summoned. The service by the deputies appointed to serve and return the special venire was not only irregular, but insufficient in law. The officers attempting to execute and return the venire summoned many men whose names did not appear in the list drawn, as shown by the return on the writ. After the writ and return were served on him, and after he had, by his counsel, moved the court to quash the writ and return, the state sought to obviate the force of appellant's motion by a motion to permit the sheriff to amend his return on the special venire. The court sustained the motion of the state and permitted the amendment. And the return, as corrected, was not served on appellant. All the irregular and improper proceedings in connection with the service and return, and the amendment of the return, of the special venire were duly objected to by appellant's counsel and exceptions reserved, as shown by the record. It follows that the court erred in ordering him to trial by a jury to be drawn from such special venire.

Instruction No. 3 granted by the court at the instance of the state is erroneous as being argumentative. It is not the law as applicable to the facts of the case nor is it a correct statement of the law in the abstract. Instruction No. 4 is not the law. This instruction tells the jury, in legal effect, that if they believed from the evidence that the defendant was insane at the time of the commission of the homicide, they must find that he is still insane and dangerous to the community. The effect of

the instruction was to mislead the jury. The jury might have believed from the evidence that the defendant was insane at the time he killed D. O. Sims, Jr., but sane at the time of the trial. In which event he was entitled to a verdict of not guilty. Or the jury might have believed that the defendant was in sane at the time of the homicide to such extent as to be irresponsible for his act, and might have further believed from the evidence that he was still insane, but not dangerous to the community at the time of trial. In which event he would have been entitled to a verdict of not guilty, the jury certifying his condition of mind, "whether the accused have since been restored to his reason, and whether he be dangerous to the community," according to the finding of the fact by the jury. Here the law was not followed. The jury had no proper guide as to the form of their verdict in the event they should be satisfied that defendant should be "acquitted on the ground of insanity." In support of our criticism of this instruction we respectfully invite the attention of the court to section 1302, Hemingway's Code.

Instruction No. 4 must be condemned as utterly failing to give the jury any sort of legal guide as to the form of their verdict in the event of acquittal on the ground of insanity. Instructions Nos. 5 and 6 are bad as being argumentative in form and should not have been given, and No. 7 is open to the same criticism. It was manifest error in the court to permit the state, over appellant's objection, to inquire into general rumors with regard to the association of appellant's wife "with other men." On the re-direct examination of the state witness, Zack Sims, the district attorney, over appellant's objection was permitted to ask the witness the following question: "On other occasions state whether or not there were similar rumors about Mrs. Long and other men?" as shown by the record, appellant's objection being overruled and exception taken, the witness answered, "Yes, sir, I heard it." Then followed a number of questions

and answers relative to the chastity of appellant's wife. This placed a burden on the defendant that he ought not to have been forced to bear. His wife's chastity was not in issue. We respectfully submit that the judgment of the lower court should be reversed.

*Harry M. Bryan,* Assistant Attorney-General, for the state.

The court properly overruled appellant's motion for continuance. The record shows that the indictment in this case was returned on January 28, 1924, and that on February 1st, defendant filed his first motion for a continuance. In this motion, he set up the fact that defendant's wife was a material witness; that she was sick at her father's home at Wabbaseka, Arkansas; that his defense would be insanity and that he expected his wife to return to her home in Grenada as soon as she recovered her health and strength and he expected to have her present at the next term of court. The court heard evidence in support of the motion and thereupon overruled it. The cause was then set for trial for Wednesday morning, February 6th. A special venire of one hundred and fifty men had been ordered drawn on February 1st. When the case was called for trial on the 6th, defendant renewed his motion for a new trial. This motion was likewise overruled.

The wife of the defendant was shown to be out of the jurisdiction of the court; that she had left Grenada in October and was at the time of the trial in the home of her father and mother in Arkansas. The defendant did not show at any stage of the hearing on his motion for continuance, an affidavit, telegram or statement from the attending physician as to the condition of the absent witness. The sister of the witness testified that Mrs. Long was suffering with a loathsome disease and that she was constantly growing worse but that a physician's certificate had not been procured. This witness further

testified that she had made no effort to find out whether or not her sister's physician was in town before she left for the trial. In an application for a continuance, the applicant must do more than simply aver that the absent witness could give testimony that is material. If the court will examine the defendant's affidavit in this case, the sole allegation therein as to what the defendant expected to prove is expressed in the following language: "That the defendant expects to prove by said Mrs. Sid Long that defendant was insane at the time of the homicide, and that he cannot prove this fact so fully by any other witness." Section 567, Hemingway's Code, provides among other things, that: "On all applications for a continuance, the party shall set forth in his affidavit the facts which he expects to prove by his absent witness or documents that the court may judge of the materiality of such facts . . . " Whatever evidence the appellant expected to obtain by his wife would be simply cumulative. Even in the absence of the above-mentioned section of Hemingway's Code, which prescribes that: "A denial of the continuance shall not be ground for reversal unless the supreme court shall be satisfied that injustice resulted therefrom," the matter of granting continuance is and has been a matter for the second judicial discretion of the trial court. *Parker* v. *State,* 55 Miss. 414; *Lunday* v. *State,* 44 Miss. 669. The appellate court in passing upon whether or not the discretion exercised by the trial judge was abused will look back upon the completed trial. The defendant had the benefit of testimony of persons who lived in the same home immediately prior to and at the time of the homicide. The opinions of this court as cited by counsel in his brief do not apply.

The court properly overruled appellant's motion to quash the *venire facias.* On February 1st, a special venire of one hundred and fifty men was ordered drawn. The order of the court was complied with and at 10:05 P. M. February 4th, the sheriff delivered to the defend-

ant a true copy of the indictment and the *venire facias* with his full return thereon. As stated above, the case was called for trial on February 6th, the defendant thus being in possession of the copy for more than the statutory period. Section 2208, Hemingway's Code, which provides for the issuance of a *venire facias* in a capital case, was fully complied with. This court has held in *Buchanan* v. *State,* 84 Miss. 332, 36 So. 388, that the statute is directory merely and even if there should be irregularity in the drawing of a special venire, it is not prejudicial where the jury drawn is an impartial one. *Walford* v. *State,* 106 Miss. 19, 63 So. 316; Section 2211, Hemingway's Code. Where a special *venire* is ordered without any application therefor by the district attorney or defendant, it may be quashed on motion, but after the jury is empanelled the irregularity is cured by the statute. *Gavigan* v. *State,* 55 Miss. 533. It was held in *Head* v. *State,* 44 Miss. 731, that the appellate court will not interfere with the discretion of the lower court in empanelling the jury unless it appears that there was a gross and injurious exercise of it. See, also, in this connection, *Lipscomb* v. *State,* 76 Miss. 223, 25 So. 158; *Ferguson* v. *State,* 107 Miss. 559, 65 So. 584; *McVey* v. *State,* 117 Miss. 243, 78 So. 150.

The instructions given for the state correctly announce the law of the case. Counsel for appellant challenges the correctness of instruction No. 4 granted for the state. That instruction is as follows: "The court charges the jury for the state that if from all the evidence in the case there is a reasonable doubt in your minds as to whether the defendant was sane at the time of the killing and you further believe from the evidence that that condition still exists and that he is dangerous to the community, you should not for that reason acquit or discharge the defendant, but it is your sworn duty by your verdict to say that he is insane and dangerous to the community and the form of your verdict shall be, 'We, the jury, find that the defendant was insane at the

time he killed the deceased, that he is still insane and dangerous to the community,' if this verdict is returned, it will be the duty of the court to commit the defendant to the asylum for the insane.'' This instruction correctly announces the law and defendant was not prejudiced in the remotest degree by it. It was given to take care of a situation that might arise from the jury's believing that the defendant was insane at the time of the homicide and that the condition still existed and that he was dangerous to the community. Under such circumstances, that law reasonably and wisely steps in and prevents a complete discharge of the defendant and permits the jury to find the facts of insanity both at the time of the commission of the homicide and of the trial, and the trial judge to commit the defendant to the asylum for the insane. Appellant cannot complain at the giving of this instruction. It really leaned to the defendant in giving the jury a loophole, if any they desired, for sending the defendant to the asylum for the insane. Section 1302, Hemingway's Code.

Other than stating that the remaining instructions given for the state are bad as being argumentative in form and that they do not announce the law as applicable to the facts of the case, nor in the abstract. counsel in his brief for appellant neither shows upon reason or authority that his objections to them are well taken. The defendant asked and received twenty-four instructions in which the law of insanity as a defense was as completely and thoroughly covered as any set of instructions we have seen. The whole gamut of the field of insanity was covered even from ''probable'' insanity all the way to uncontrollable impulses.

The admission of certain testimony concerning the chastity of appellant's wife was not error in this case. The very first time the matter of the chastity of the wife of appellant came into his case, was when counsel asked the brother of deceased about it. The matter was thus flung squarely before the jury by appellant's counsel.

The state was well within the bounds of reason by this line of examination since the question had been raised by defendant himself and affected not seriously the vital question of motive for the slaying of the young boy Sims. It also, affected the question of defendant's sanity.

The evidence overwhelmingly sustains the verdict of the jury. The defense of insanity in this case completely collapsed. A brief review of the testimony offered in support of this defense by appellant, amply sustains this contention. The state proved by a number of eye-witnesses the cold-blooded murder and under the verdict as rendered by the jury, the defendant was most mercifully treated.

Argued orally by *A. F. McKeigney,* for appellant, and *Harry M. Bryan,* for appellee.

HOLDEN, P. J., delivered the opinion of the court.

The appellant, Sid Long, was convicted on a charge of murder and sentenced to the penitentiary for life; hence this appeal.

The record shows that on the 25th day of October, 1923, during the fair being held in the city of Grenada, D. O. Sims, Jr., a young man seventeen years of age, was sitting on the front seat of his automobile, parked on one of the principal streets. While he was sitting there, with his hands on the steering wheel of the car, waiting for the return of his brother, who had gone across the public square to purchase groceries, the appellant, Long, armed with a Winchester rifle, approached young Sims, and without warning shot him to death, while he yet sat in the car with his hands upon the wheel. There was no testimony given at the trial to dispute the above state of facts. The defense was insanity, and after the testimony, *pro* and *con,* had been submitted to the jury on this issue, the insanity plea was rejected by

the jury, which returned a verdict of guilty as charged and fixed the penalty at life imprisonment.

There are several grounds urged for reversal by counsel for the appellant; the main one relied upon being that the court erred in compelling the defendant to go to trial without the testimony of his wife, who was then in Arkansas, and who, it is claimed, was a material witness to establish the insanity defense. It is also contended the court erred in overruling appellant's motion to quash the *venire facias,* and in granting certain instructions for the state; and, lastly, the appellant urges error on the part of the lower court in admitting certain evidence which tended to impeach the chasity of appellant's wife. We have carefully considered each and all of the points presented by the appellant for reversal, and we are convinced there is no substantial merit in any of them. There can be no good purpose to serve in setting out and discussing in detail the questions presented, because the propositions urged are well settled against appellant under the law of this state. Therefore it is our opinion the record contains no reversible error. The judgment of the lower court is affirmed.

*Affirmed.*